IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PAMELA RATLIFF,** on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) **No.** 20-CV- ) |
| Plaintiff, | ) **District Judge** ) |
| v. | ) ) Magistrate Judge |
| **JOE'S BARBEQUE, INC., AN ILLINOIS CORPORATION, JOE'S BBQ AND FISH #1, INC., AN ILLINOIS CORPORATION, JOE'S BBQ AND FISH #2, INC., AN ILLINOIS CORPORATION, JOE'S BBQ ELGIN, INC., AN ILLINOIS CORPORATION AND EVANS WEST, JR., INDIVIDUALLY** | ) ) ) ) *JURY DEMAND* ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

NOW COMES Plaintiff, **PAMELA RATLIFF,** ("Plaintiff" or "named Plaintiff"), on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for her Complaint against Defendants, **JOE'S BARBEQUE, INC., JOE'S BBQ AND FISH #1, INC., JOE'S BBQ AND FISH #2, INC., JOE'S BBQ ELGIN, INC., AND EVANS WEST** (the "Defendants"), states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, *et seq*.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendants, **JOE'S BARBEQUE, INC., JOE'S BBQ AND FISH #1, INC., JOE'S BBQ AND FISH #2, INC., JOE'S BBQ ELGIN, INC.** (hereinafter referred collectively as "Joe's BBQ") are Illinois corporations that own and operate multiple restaurants operating as "Joe's Bar-B-Q", one of which is located at 4900 W. Madison St. in Chicago, Illinois. Joe's BBQ is comprised of "enterprises" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant **EVANS WEST** is the owner and manager of all Corporate Defendants that comprise Joe's BBQ. In his capacity as owner and president of Joe's BBQ, West was vested with the authority to implement and carry out the wage and hour practices of Joe's BBQ. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to West and West in turn responded

to those communications with the authority described above. Thus, at all times relevant hereto West was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Plaintiff, **PAMELA RATLIFF,** is a former employee of Defendants who worked for Defendants as a cook. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half her regular rate of pay.

6. Additionally, although Plaintiff was clearly an employee earning wages for Defendants, Defendants failed to adhere to any Internal Revenue Service or Department of Labor regulations related to employment taxes and classifications. Defendants failed to issue Plaintiff, and those similarly situated, any end-of-year tax documents (i.e. Form W-2 or 1099) and thereby decreased the amount taxes paid by Defendants to the United States Treasury and depriving Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

7. Defendants compensated Plaintiff, and members of the Plaintiff Class on an hourly basis but failed to pay one-and one-half times the employees' hourly straight time rates. Defendants' failure to properly compensate Plaintiff and other members of the Plaintiff Class at the applicable overtime rate for work in excess of forty hours in a workweek is in violation of the local, state and federal laws relied upon herein.

8. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their regular, straight time hourly rate and did not receive an overtime premium at a rate of one-and one-half their effective hourly rate of pay for hours worked in

excess of 40 in a workweek as described herein.

9.  As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV. STATUTORY VIOLATIONS**

### Collective Action Under The Fair Labor Standards Act

10.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

11.  Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

12.  Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 *et seq.*, of the Municipal Code of Chicago, Counts V and VI of this action are brought by Plaintiff to recover unpaid back wages, including overtime and minimum wages, respectively, earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this

Counts V and VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

13. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

14. Plaintiff began working for Defendants approximately more than 20 years ago as a barbeque cook and has worked on and off for Defendants during that time. Plaintiff's most recent stint included working continuously from early 2016 through April 2020.

15. Plaintiff performed barbeque cook duties which included operating and maintaining the barbeque pit and other cooking and kitchen duties.

16. Plaintiff was paid $12.00 per hour when she began working for Defendants. Plaintiff later received a raise to $13.00 per hour. At times, Plaintiff was paid below the minimum wage for non-tipped hourly employees required by the City of Chicago.

17. Plaintiff often worked seven (7) days per week, ranging from 6 hours to 12 hours per day. At times, the start and end times of Plaintiff's shifts varied.

18. During most of her employment, Plaintiff would typically work from 10:00 a.m. to 12:00 a.m. Friday, Saturday and Sunday, and 5:00 p.m. to 11:00 p.m. Monday, Tuesday, Wednesday and Thursday. Plaintiff frequently worked in excess of these assigned schedules due to demand and high staff turnover. Plaintiff recorded her working hours via punch clock and time card.

19. During her entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis paper, company check. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours

worked, including overtime-eligible hours in excess of 40 hours in a single work week. At times during her employment, Plaintiff was paid all wages in cash.

20. Plaintiff occasionally received some additional pay that Defendants labeled as "tips" in addition to her regular hourly pay. The tip amount was almost always $60. However, this amount was not factored into Plaintiff's effective hourly rate as required by law.

21. Plaintiff separated from Defendants' restaurants in early January 2020. Defendants withheld and continue to withhold Plaintiff's final paycheck that includes wages for work performed from approximately December 15 – 21, 2019.

22. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their effective hourly rate for such hours pursuant to the requirements of the federal, state and local statutes herein relied upon.

23. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

24. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant

policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-24. Paragraphs 1 through 24 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 24 of this Count I.

25. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

26. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;
(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;
(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,
(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-26. Paragraphs 1 through 26 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of Count II.

27. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

28. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-29. Paragraphs 1 through 29 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of Count III.

30. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

31. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-31.  Paragraphs 1 through 31 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 31 of this Count IV.

32.  As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

33.  The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through the end of 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments for damages incurred in 2020.

34.  Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)  declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)  awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)  allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

  (d)  directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

  (e)  for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

  1-34.  Paragraphs 1 through 34 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of this Count V.

  35.  Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

  36.  Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

  37.  Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times her regular hourly rates of pay.

  38.  Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

  WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

  (a)  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular effective hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

  (b)  Statutory interest damages in the amount of three times the amount of unpaid overtime;

  (c)  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

      (d)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/22/2020*

*s/John W. Billhorn*

_____

John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450