IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pamela Ratliff, on behalf of herself and all other plaintiffs similarly situated known and unknown, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 20-cv-3400 |
| Joe's Barbeque, Inc., an Illinois Corporation, et. al., ) ) ) | Judge Sharon Johnson Coleman |
| Defendant. ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Pamela Ratliff ("Plaintiff"), on behalf of herself and other similarly situated individuals, brings this action against Joe's Barbeque, Inc. ("JBQ"), Joe's BBQ and Fish #1, Inc. ("JBQ#1"), Joe's BBQ and Fish #2, Inc. ("JBQ"), Joe's BBQ Elgin, Inc. ("JBE") (collectively, "Corporate Defendants"), and Evans West (collectively, "Defendants") for violations of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201 et seq. (Counts I, II, and III), violations of the Illinois Minimum Wage Law (IMWL), 820 Ill. Comp. Stat. 105/1 et seq. (Count IV), and violations of the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, et seq. (Counts V and VI). Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion to dismiss [24] is granted in part and denied in part.

**Background**

The following allegations are taken as true for the purpose of ruling on this motion. Over the course of approximately twenty years, Plaintiff worked for Defendants periodically as a barbeque cook. Plaintiff's duties included "operating and maintaining the barbeque pit and other cooking and

kitchen duties." (Compl. ¶ 15.) Most recently, Plaintiff worked for Defendants from early 2016 through early 2020.[1]

According to Plaintiff, Defendants failed to pay Plaintiff and members of the Plaintiff Class the appropriate overtime rate for hours worked in excess of forty in an individual week. Plaintiff alleges that "[d]uring her entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis paper, company check." (*Id.* ¶ 19.) She, however, also claims that at times she "was paid all wages in cash." (*Id.*)

West is the owner and manager of all Corporate Defendants. Plaintiff alleges that in his role "as owner and president of Joe's BBQ, West was vested with the authority to implement and carry out the wage and hour practices of Joe's BBQ." (Id. ¶ 4.) Plaintiff alleges that she was instructed "to, and did, communicate all employment issues, including the wage and hour violations asserted herein," to Defendant. (*Id.*) She also alleges that West responded "to those communications with the authority described above." (*Id.*)

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

---

[1] The Court notes that Plaintiff does not identify the location of the restaurant where she was employed. It is also unclear whether Plaintiff's employment ended with Defendants in January 2020 or April 2020 as Plaintiff has alleged both dates in the Complaint. (*See* Compl. ¶¶ 14, 21.)

**Discussion**

    **FLSA Claims**

    1.  *"Enterprise Coverage"*

Defendants moves to dismiss Plaintiff's FLSA claims, Counts I-III, arguing that Plaintiff fails to sufficiently plead individual or enterprise coverage. To bring an FLSA claim, a plaintiff must show, among other things, either "individual coverage" or "enterprise coverage." 29 U.S.C. § 207(a)(1). In this case, Plaintiff alleges that Defendants are liable under the FLSA as an enterprise. Enterprise coverage exists where the employer (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) demonstrates an annual gross volume of sales or business done of at least $500,000. 29 U.S.C. § 203(s)(1)(A); *see also Kim v. Korean News of Chicago, Inc.*, No. 17 C 1300, 2020 WL 469314, at *2 (N.D. Ill. Jan. 29, 2020) (Durkin, J.). In this context, the term "commerce" denotes interstate commerce. *See* 29 U.S.C. § 203(b); *Aranda v. J Vega's Constr., Inc.*, No. 17 C 7886, 2018 WL 3232790, at *2 (N.D. Ill. July 2, 2018) (Kendall, J.).

Here, Plaintiff alleges that Defendants are "'enterprises' engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i)." (Compl. ¶ 3.) Defendants assert that Plaintiff's allegations are insufficient to establish the first prong of enterprise coverage because they are conclusory and "fail[] to include allegations regarding Defendants' … relation to interstate commerce." (Defs.' M. to Dismiss at 5.) The Court disagrees. Plaintiff alleges that she worked as a cook, and her worked involved "operating and maintaining the barbeque pit and other cooking and kitchen duties." (Compl. ¶ 15.) Reviewing the allegations in the light most favorable to Plaintiff, the Court finds that it is plausible to infer that in the course of working as a cook and performing other kitchen duties at Defendants' restaurants, Plaintiff

3

"engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1)(A). Therefore, Plaintiff has successfully met the first prong of enterprise coverage.

The Court also disagrees with Defendants' assertion that Plaintiff failed to meet the second prong of enterprise coverage because she did not "include allegations regarding Defendants' annual revenue or gross sales." (Defs.' M. to Dismiss at 5.) Plaintiff alleges that "upon information and belief formed after reasonabl[e] inquiry, [Defendants] satisf[y] the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii)." (Compl. ¶ 3.) Under 29 U.S.C. §203(s)(1)(A)(ii), the minimum annual gross volume of sales amount is not less than $500,000. Thus, the Court finds this allegation suffices at the motion to dismiss stage. *Cf. Macias v. All-Ways, Inc.*, No. 16-CV-6446, 2017 WL 2278061, at *3 (N.D. Ill. May 25, 2017) (St. Eve, J.) (dismissing plaintiff's FLSA claims in part because plaintiff failed to assert any allegations about the amount of [Defendants'] sales). Defendants further contend that based on Plaintiff's "'more than 20 years' of alleged work, [she] should be able to allege sufficient facts for … whether the barbeque restaurant generated $500,000 in annual gross volume of sales." (Defs.' M. to Dismiss at 5.) Contrary to Defendants' contention, it is unreasonable to think that a cook would have access to its employer's financial information. Accordingly, Plaintiff has adequately alleged that Defendants are subject to enterprise coverage under the FLSA.

2. *"Employer"*

Defendants also move to dismiss the Complaint for failure to state a claim, arguing that Plaintiff has failed to sufficiently plead that JBQ#1, JBQ#2, JBQE, and West were "employers" subject to FLSA. Under the FLSA, employers are required to pay certain employees overtime compensation of one and one-half times their normal wages for work in excess of 40 hours per week. 29 U.S.C. § 207(a). The term "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee ..." 29 U.S.C. § 203. To

4

determine whether an entity is an employer, the Seventh Circuit has concluded that courts must examine the "economic reality" of the working relationship. *Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017). In examining this, courts consider whether the alleged employer had the power to hire and fire employees, supervised and controlled employee work schedules or conditions, determined the rate and method of payment, and maintained employment records. *Id.*

Here, Plaintiff generally alleges that Defendants were "acting directly or indirectly in the interest of the employer … and therefore … is an 'employer.'" (Compl. ¶¶ 3-4.) To support her claim, Plaintiff alleges that (1) West is "the owner and manager of all Corporate Defendants"; (2) "In his capacity as owner and president of [Corporate Defendants], West was vested with the authority to implement and carry out the wage and hour practices of [Corporate Defendants]"; and (3) she "was directed to, and did, communicate all employment issues … to Defendant West and he in turn responded to those communications with the authority described above." (Compl. ¶ 4.) As it relates to West, these allegations are sufficient to allow the Court to plausibly infer that he is an "employer." However, these allegations fail when applied to the Corporate Defendants, as Plaintiff has failed to "specify each defendant's alleged role with respect to the plaintiff['s] employment." *Berger v. PIKR, Ltd.*, No. 14 C 8543, 2015 WL 2208200, at *3 (N.D. Ill. May 8, 2015) (Durkin, J.). "The failure to distinguish between Defendants is impermissible insofar as it 'fails to place each defendant on notice as to its alleged wrongful conduct.'" *Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 454348, at *3 (N.D. Ill. Feb. 5, 2016) (internal citation omitted). In light of Plaintiff's deficient pleading, the Court dismisses the FLSA claims as it pertains to JBQ#1, JBQ#2, and JBQE[2].

---

[2] Defendants did not challenge the sufficiency of Plaintiff's allegation that JBQ is an "employer" under FLSA, therefore, Defendants waive this argument.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [24] the Complaint is granted in part and denied in part. Further, the Court grants Plaintiff leave to file an amended complaint within forty-five days, in accordance with this Order.

**IT IS SO ORDERED.**

Date: 2/12/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge