**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAMELA RATLIFF, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> JOE'S BARBEQUE, INC., an Illinois corporation, and EVANS WEST, JR., individually, <br><br> Defendants. | Case No. 20-cv-03400 <br><br> **Honorable Sharon Johnson Coleman** <br><br> Honorable Heather K. McShain |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR DISMISSAL TO CONVERT TO "WITH PREJUDICE" AND MOTION FOR ATTORNEY'S FEES

NOW COMES Plaintiff, by her counsel of record, and for her Motion for Extension of Time For Dismissal to Convert to "With Prejudice" And Motion For Attorney's Fees, states as follows:

1. Plaintiff Pamela Ratliff and Defendants Joe's Barbeque, Inc., and Evans West, Jr., reached a settlement, and this Court approved said settlement [Dkt. No. 60] on September 14, 2021:

> MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff's joint motion for approval of settlement agreement and dismissal [59] is granted. Case is dismissed without prejudice and without any costs to any party. If no motion to reinstate is filed by 11/15/2021, the dismissal shall automatically convert to one with prejudice with no further action by the Court. Civil case terminated. Mailed notice. (ym, )

2. Per the settlement reached and as outlined in the Settlement Agreement, Defendants were to have tendered to Plaintiff's counsel settlement checks 45 days from the "Effective Date" as defined in the Settlement Agreement. See Paragraph 2 of Settlement Agreement, attached as **Exhibit A**.

3. The "Effective Date" of the Settlement Agreement was 8 days after Plaintiff signed and returned the Agreement:

> 5(b). Ms. Ratliff acknowledges that Joe's BBQ has advised Ms. Ratliff of her right to revoke this Agreement within seven (7) days of signing this Agreement ("7-Day Revocation Period"). If Ms. Ratliff decides to revoke this Agreement during the 7-Day Revocation Period, Ms. Ratliff must send written notice of such revocation to Joe's BBQ. This Agreement will not be effective or enforceable until the 7-Day Revocation Period expires. **This Agreement will become effective on the eighth (8th) day after Ms. Ratliff has signed and returned this Agreement to Joe's BBQ ("Effective Date"),** provided that Ms. Ratliff did not revoke this Agreement during the 7-Day Revocation Period.

See executed copy of Settlement Agreement, attached as **Exhibit A**.

4. Plaintiff executed the Agreement on August 31, 2021. See **Exhibit A**. On September 1, 2021, Plaintiff's counsel's office forwarded the signed Agreement to defense counsel. See email transmission from Plaintiff's counsel to defense counsel, attached as **Exhibit B**. Thus, payment was due per the Agreement 45 days after September 1, or October 17, 2021.

5. This Court, and Plaintiff's counsel, allowed a generous amount of time for Defendant to tender the settlement checks, and also generously set the day for "conversion" of dismissal of the case to November 15, 2021 (almost 2 months after approval).

6. However, after multiple weeks of follow-up with Defense counsel's office, and defense counsel's responses regarding her client's lack of response as to the tendering of the required payment, settlement checks were finally delivered to Plaintiffs' counsels' office 25 days late, on November 11, 2021.

7. Plaintiff's counsel has immediately forwarded the settlement checks to his client, Ms. Ratliff, who will need additional time to deposit the check from Defendants, await the

banking "clearing" process and assure that she maintains the jurisdiction of this Court should anything go astray with the validity of the tendered settlement check.

8. The Order entered by this Court provides for a motion to reinstate to be filed by November 15, 2021. Given Plaintiff's patience and the delinquency of Defendants' tendering of the check and the expiration of the time allowed by the Court, Plaintiff's counsels' office requested Defendants' attorney to file said motion and seek an extension of the conversion date of the dismissal to "with prejudice". Defendants' counsel demurred to Plaintiff's counsel's request. See **Exhibit C** attached.

9. The settlement checks are being tendered to Plaintiff via US Certified Mail, and will require deposit and clearance. Therefore, Plaintiff requests this Court to extend the conversion of final dismissal to "with prejudice" for a period time up to and including December 10, 2021, to ensure checks clear the banking processes and funds are properly credited to her account.

10. Plaintiff has incurred additional attorney's fees by way of Defendants' late tendering of the settlement check and refusal to cooperate in the extension of the conversion date. (Attorney Billhorn .75 hours @ $575 per hour and Paralegal Jodi Hoare 1.0 hours at $145 per hour, totaling $576.75). Based upon Defendants' failure to tender checks as required by the terms of the Settlement Agreement and exacerbated by Defendants' counsel's subsequent refusal to prepare and file this Motion, Plaintiff requests reimbursement of the fees she incurred in the amount of $576.75.

**WHEREFORE**, Plaintiff, Pamela Ratliff, and her counsel, respectfully request that this Court enter an Order extending final conversion and dismissal of this matter up to and including December 10, 2021 and granting Plaintiff's request for attorney's fees in the amount outlined above, and for such other relief the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 11/15/2021*

By: /s/ John W. Billhorn

John W. Billhorn
Billhorn Law Firm
53 W. Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450
jbillhorn@billhornlaw.com