DocuSign Envelope ID: 9D7A992B-B5A2-4265-85BA-0283ADE97CC2

## **CONFIDENTIAL MUTUAL GENERAL RELEASE**

This Confidential Mutual General Release ("Agreement") is voluntarily entered into between Pamela Ratliff, an individual ("Ms. Ratliff"), and Joe's Barbeque, Inc., and Evans West, Jr., its predecessors, successors, subsidiaries, and related entities ("Joe's BBQ" or "the Released Parties"). As used in this Agreement, Ms. Ratliff and Joe's BBQ are individually referred to as a "Party," and collectively as the "Parties."

## **RECITALS**

WHEREAS, Ms. Ratliff alleges she was an employee and her work at Joe's BBQ ended on or about April 1, 2020 and Joe's Barbeque denies she was an employee and any liability whatsoever;

WHEREAS, Ms. Ratliff filed *Ratliff v. Joe's Barbeque, Inc., et al.* 20-cv-03400 asserting claims against Joe's BBQ ("Lawsuit");

WHEREAS, the Parties mutually agree to enter into this Agreement to dissolve their affairs amicably with the intent of avoiding further controversy, litigation, costs, legal fees, and inconvenience; and

THEREFORE, in exchange for the provisions, covenants, and mutual promises contained in this Agreement, the Parties agree to the following terms.

1. **Recitals**. The Parties agree that the recitals above are incorporated into the Agreement.

2. **Settlement**. In exchange for the promises contained in this Agreement, including the promises contained in Sections 3, 6, and 8 of this Agreement, Joe's BBQ will pay Ms. Ratliff an aggregate amount of six thousand dollars ($6,000.00) ( "Payment") allocated as required in sections (a) and (b) below, with payment to be within forty-five (45) days after the Effective Date of this Agreement (as articulated below) following Joe's BBQ's receipt of (1) an executed copy of this Agreement by Ms. Ratliff; (2) the tax identification numbers and executed W-9 forms and W-2 forms (if applicable) of Ms. Ratliff and her counsel; and (3) the file-stamped Approval Motion as defined below. The Payment will be made as follows:

    a. The first check, in the amount of two thousand five hundred dollars ($2,500.00), represents back wage damages (the "Wage Payment"). The Wage Payment shall be paid by check made payable to Ms. Ratliff, with an IRS Form 1099 to be issued to Ms. Ratliff for this payment.

    b. The second check in the amount of three thousand five hundred dollars ($3,500.00) is payment for attorneys' fees and shall be paid to Ms. Ratliff's Counsel, the Billhorn Law Firm, by check. This payment will be reported to the Internal Revenue Service and all applicable state or local taxing authorities by means of a Form 1099, with the appropriate designation made on said 1099 reflecting "fees paid to attorney" (Box 10).

    c. <u>Dismissal</u>. Within five (5) business days after Ms. Ratliff has signed this Agreement, the Parties shall file a joint motion to approve the settlement agreement and shall request an order dismissing all claims related to the Lawsuit against Joe's BBQ first without prejudice, and then within 14 days of the last payment called for herein, with prejudice and without costs to any Party (the "Approval Motion"). The Parties shall cooperate as reasonably necessary to effectuate and file the Approval Motion.

3. **Release.** In consideration of the benefits, commitments, and representations in this Agreement, and to the greatest extent permitted by law, Ms. Ratliff, for Ms. Ratliff, her heirs, executors, assigns, administrators, or any of them, hereby unconditionally and irrevocably agree to release and forever discharge Joe's BBQ, and Joe's BBQ's directors, officers, stockholders, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries

and insurers, jointly and severally, in their individual, fiduciary, and corporate capacities (collectively referred to as the "Released Parties") from any and all legally waivable claims, demands, sums of money, contracts, controversies, agreements, promises, damages, costs, causes of action and liabilities of any kind or character whatsoever, whether known or unknown, by Ms. Ratliff from the beginning of time through the Effective Date of this Agreement, including, without limitation, all claims related to Ms. Ratliff's relationship with the Released Parties, all claims related to any agreement or contract with the Released Parties whether written or verbal, and without limitation, any and all claims alleging retaliation, in tort, for breach of contract, defamation, invasion of privacy, negligence, fraud or misrepresentation, harassment, property damage, and any and all claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, the Illinois Wage Payment and Collection Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the Equal Pay Act, the Family and Medical Leave Act, the Illinois Human Rights Act, the Age Discrimination in Employment Act, the Older Worker's Benefit Protection Act, and any and all other applicable federal, state, or local fair employment practices or other legally waivable employment statutes, constitutional provisions and ordinances, and any other claim under statutory or common law.

**Ms. Ratliff specifically acknowledges and recognizes that Section 3 of this Agreement means that if Ms. Ratliff accepts any of the benefits described in this Agreement by signing this Agreement, Ms. Ratliff cannot sue any of the Released Parties for actions that occurred prior to the date that Ms. Ratliff signs this Agreement.**

a. In consideration of the benefits, commitments, and representations in this Agreement, and to the greatest extent permitted by law, the Released Parties release Ms. Ratliff from any any and all legally waivable claims, demands, sums of money, contracts, controversies, agreements, promises, damages, costs, causes of action and liabilities of any kind or character whatsoever, whether known or unknown, from the beginning of time through the Effective Date of this Agreement, including, without limitation, all claims related to Ms. Ratliff's relationship with the Released Parties, all claims related to any agreement or contract with the Released Parties whether written or verbal, and without limitation, any and all claims alleging retaliation, in tort, for breach of contract, defamation, invasion of privacy, negligence, fraud or misrepresentation, harassment, property damage, and any and all claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, the Illinois Wage Payment and Collection Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the Equal Pay Act, the Family and Medical Leave Act, the Illinois Human Rights Act, the Age Discrimination in Employment Act, the Older Worker's Benefit Protection Act, and any and all other applicable federal, state, or local fair employment practices or other legally waivable employment statutes, constitutional provisions and ordinances, and any other claim under statutory or common law.

4. **Exclusions from the Release Contained in Section 3.** Nothing in Section 3 restricts any Party's right to enforce this Agreement and the promises in this Agreement. The release in Section 3 does not apply to (i) any claims arising out of any acts or omissions that occur after Ms. Ratliff signs this Agreement, (ii) vested benefits under any qualified employee benefit plan for which Ms. Ratliff is eligible in accordance with the terms of the respective plan, or (iii) any claims or rights that cannot be waived by law. Neither the release in Section 3 nor anything in this Agreement prohibits Ms. Ratliff from making a good faith report to governmental authorities of suspected violations of law, or cooperating with any governmental investigation or inquiry. Nothing in this Agreement affects Ms. Ratliff's right to file a charge with an administrative agency (such as the Equal Employment Opportunity Commission or any state law equivalent) or to participate in any investigation by such agency. Ms. Ratliff understands, however, that she is waiving, to the fullest extent permitted by law, any right to reinstatement, recovery of any money, damages, remedies, costs, attorneys' fees or other personal relief in connection with any claim, charge, or investigation brought on Ms. Ratliff's behalf or for her benefit as a result of her execution of this Agreement.

5. **Ms. Ratliff's Acknowledgements.** Ms. Ratliff understands and agrees that Ms. Ratliff's representations in this Section 5 are material representations, and that the Released Parties would not enter into this Agreement without Ms. Ratliff making such representations.

a. Ms. Ratliff acknowledges and agrees that she (i) read and understands this Agreement, (ii) understands this is a legal and binding document, (iii) had adequate time to review and consider this Agreement before signing it, (iv) is entering into this Agreement knowingly and voluntarily, (v) was advised in writing to consult with an attorney of Ms. Ratliff's choice prior to executing this Agreement, (vi) received a period of at least twenty-one (21) days to consider whether or not to sign and execute this Agreement, (vii) acknowledges and agrees that Joe's BBQ did not ask Ms. Ratliff to shorten the 21 day time-period to consider whether to sign this agreement (viii) acknowledges and agrees Joe's BBQ has not threatened to withdraw or alter any benefits due to Ms. Ratliff prior to the expiration of the 21 day period, (ix) acknowledges and agrees Joe's BBQ has not provided different terms to Ms. Ratliff because Ms. Ratliff decided to sign this Agreement prior to the expiration of the 21 day period, (x) acknowledges and agrees that if Ms. Ratliff signs and executes this Agreement prior to the 21 day period, then Ms. Ratliff knowingly and voluntarily waives any claim that Ms. Ratliff was not given 21 days to consider this Agreement, and (xi) acknowledges and agrees the Severance Payment constitutes good, valid, and sufficient consideration for this Agreement and consideration to which Ms. Ratliff would not otherwise be entitled.

b. Ms. Ratliff acknowledges that Joe's BBQ has advised Ms. Ratliff of her right to revoke this Agreement within seven (7) days of signing this Agreement ("7-Day Revocation Period"). If Ms. Ratliff decides to revoke this Agreement during the 7-Day Revocation Period, Ms. Ratliff must send written notice of such revocation to Joe's BBQ. This Agreement will not be effective or enforceable until the 7-Day Revocation Period expires. This Agreement will become effective on the eighth (8th) day after Ms. Ratliff has signed and returned this Agreement to Joe's BBQ ("**Effective Date**"), provided that Ms. Ratliff did not revoke this Agreement during the 7-Day Revocation Period.

c. Ms. Ratliff acknowledges, agrees, and represents that as of the date Ms. Ratliff signs this Agreement, she (i) has been properly paid by Joe's BBQ for all hours worked for Joe's BBQ in any capacity, (ii) received all payments, including all commissions and expense reimbursements, owed to Ms. Ratliff by Joe's BBQ, (iii) has been properly paid for all vacation pay and all other paid time off Ms. Ratliff accrued during her alleged employment relationship with Joe's BBQ, (iv) has properly received from Joe's BBQ any other penalties or interest pursuant to federal or any state wage and hour laws, and (v) has not suffered any on-the-job injury for which Ms. Ratliff has not already filed a claim during Ms. Ratliff's relationship with Joe's BBQ.

d. Ms. Ratliff acknowledges that Ms. Ratliff is solely responsible for any liens made in connection with any services performed on Ms. Ratliff's behalf by any attorney, or any other third parties. Ms. Ratliff acknowledges and agrees that Ms. Ratliff will indemnify the Released Parties for any and all costs incurred as a result of any claims made to recover monies from the amounts payable to Ms. Ratliff under this Agreement by any attorney, or by any other third parties.

6. **No Obligation to Hire.** Ms. Ratliff understands and agrees that this provision entitles the Released Parties to reject any application Ms. Ratliff submits for employment, for another capacity, or for any other reason, without any explanation or any liability. If Ms. Ratliff files any lawsuit or litigation alleging retaliation for failure to hire Ms. Ratliff, Ms. Ratliff agrees and acknowledges that the Released Parties may use this Section 6 as a complete defense of liability. Ms. Ratliff agrees and acknowledges that this Section 6 will be a complete defense of the Released Parties' liability for any such allegation that Ms. Ratliff makes.

7. **Confidentiality**. Ms. Ratliff agrees to keep the fact and substance of this Agreement and the underlying facts and legal arguments of the Released Claims completely confidential. Ms. Ratliff may, without breaching this Section, disclose the terms of this Agreement to Ms. Ratliff's attorneys, financial advisors, insurers, or accountants (to the extent that such disclosure is necessary in the preparation of tax returns, or for financial or legal advice). Ms. Ratliff may, without breaching this Section, disclose the terms of this Agreement (i) to any state, federal or industry regulator(s), (ii) pursuant to a validly and duly issued order of a court or arbitration panel, or as may be required by subpoena, law or regulation, (iii) as reasonably necessary to enforce the terms of this Agreement, or (iv) upon the prior written consent of all Parties. Ms. Ratliff agrees that such persons shall be told that the information must be kept confidential. If a person not a party to this Agreement requests or demands, by subpoena or otherwise, that Ms. Ratliff

disclose or produce this Agreement or any terms or conditions thereof, Ms. Ratliff shall immediately notify Joe's BBQ.

8. **Additional Disclosures.** Ms. Ratliff understands and agrees that it is not a violation of this Agreement for Ms. Ratliff to make a report, resist, oppose, or assist in the investigation of harassment or discrimination under state or federal law. Ms. Ratliff understands that this Agreement does not prohibit, prevent, or otherwise restrict Ms. Ratliff from reporting any allegations of unlawful conduct to federal, state, or local officials for investigation, including but not limited to, alleged criminal conduct or unlawful employment practices. Ms. Ratliff may without violating this Agreement (i) participate in a proceeding with appropriate federal, state, or local government agency enforcing discrimination laws, or (ii) request or receive confidential legal advice.

9. **Non-Admission**. Nothing in this Agreement may be construed as an admission by any Party of liability to any other Party. Joe's BBQ denies any liability to Ms. Ratliff for any liability, culpability, or wrongdoing.

10. **Miscellanies**. The Parties agree that, to the extent any portion or covenant of this Agreement may be held to be invalid or legally unenforceable by a court of competent jurisdiction, the remaining portions of this Agreement shall not be affected and shall be given full force and effect. No waiver by any Party of any breach of this Agreement, or the other Party's failure to perform any condition or provision of this Agreement, shall be deemed a waiver of any other provision or condition at that time or any prior or subsequent time. This Agreement contains the entire agreement of the Parties with respect to the subject matter of this Agreement and supersedes all prior negotiations, agreements, and understanding with respect thereto, written, or oral. This Agreement may be amended only by a written document signed by all Parties. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

11. **Governing Law and Venue**. The Parties agree that the U.S. District Court for the Northern District of Illinois, Eastern Division will have exclusive jurisdiction over disputes concerning this Agreement, including any enforcement or declaratory judgment proceedings. The Parties agree to the personal jurisdiction of those two courts for the purposes of this Agreement. The Parties expressly agree that no other court has jurisdiction, venue, or forum over any disputes concerning in any way this Agreement. This Agreement shall be construed under and be governed in all respects by the laws of the State of Illinois without giving effect to the conflict-of-law provisions in Illinois.

12. **Enforcement**. In the event of any legal proceeding related to or regarding in any way this Agreement, Ms. Ratliff agrees to pay Joe's BBQ all costs (including, but not limited to, reasonable attorneys' fees, court costs, and ancillary expenses) Joe's BBQ incurs related in any way to this Agreement, in enforcing its rights under this Agreement, Joe's BBQ incurs in defending against any action by Ms. Ratliff seeking to avoid Ms. Ratliff's obligations under this Agreement, and/or Joe's BBQ incurs in defending against any action by Ms. Ratliff seeking to declare Ms. Ratliff's obligations as void under this Agreement.

13. **Counterparts**. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. In pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one such counterpart. The Parties further agree that electronic signatures compliant with the ESIGN Act and signatures transmitted by email or fax shall constitute an original.

14. **Jury Trial Waiver**. THE PARTIES AGREE THAT IN ANY ACTION OR PROCEEDING ARISING FROM, UNDER OR PURSUANT TO THIS AGREEMENT, THE PARTIES TO THIS AGREEMENT SHALL, AND DO HEREBY, ABSOLUTELY WAIVE AND UNCONDITIONALLY WAIVE TRIAL BY JURY.

**PLEASE READ THIS AGREEMENT CAREFULLY. THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CAUSES OF ACTION AND WILL SERVE AS A DEFENSE TO ANY CAUSE OF ACTION OR LAWSUIT THAT MS. RATLIFF MAY BRING OR FILE OR HAS BROUGHT OR FILED.**

DocuSign Envelope ID: 9D7A992B-B5A2-4265-85BA-0283ADE97CC2

By signing and executing this Agreement, the Parties agree to its terms and acknowledge that they understand it.

| **Pamela Ratliff** | **Joe's Barbeque, Inc., and Evans West, Jr.** |
|---|---|
| **By (Signature):** _Pamela Ratliff (DocuSigned)_ | **By (Signature):** _____ |
| **By (Printed Name):** Pamela Ratliff | **By (Printed Name):** _____ |
| **Date**: 8/31/2021 | **Title:** _____ |
| | **Date:** _____ |